# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| Cleveland E. Young, #141241, ) | Civil Action No. 2:20-3974-RMG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Warden of Perry Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Before the Court is the Magistrate Judge's Report and Recommendation (R & R) (Dkt. No. 9) that Petitioner's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 be dismissed for failure to exhaust his administrative remedies. For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses the petition.

**I.    Background**

Petitioner is a state prisoner proceeding *pro se* to seek a writ of habeas corpus pursuant to § 2241. In 2016, Petitioner was found guilty at trial of one court of criminal sexual conduct with a minor in the first degree and one count of criminal sexual conduct with a minor in the third degree. He was sentenced to life imprisonment without possibility of parole. He appealed, which the South Carolina Court of Appeals dismissed in 2017. Petitioner then filed an application for post-conviction relief alleging ineffective assistance of counsel. The PCR court denied the application with prejudice in 2020 and Petitioner sought a writ of certiorari from the South Carolina Supreme Court. That court transferred the PCR application to the Court of Appeals, which has not yet issued a ruling on it. *See* 2020-000367: Case View (sccourts.org) last visited May 28, 2021).

## II. Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

The Magistrate Judge recommends that the petition be recharacterized as brought under § 2254 and dismissed for Petitioner's failure to first exhaust his administrative remedies. Having carefully considered the basis for this recommendation and Petitioner's objection to it (Dkt. No. 11), the Court adopts the recommendation as the order of the Court. Petitioner's challenge to the validity of his state conviction and sentence must be brought under § 2254 because "regardless of how they are styled, federal habeas petitions of prisoners who are in custody pursuant to the judgment of a State court should be treated as applications under section 2254." *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016). A § 2254 petition can only be brought after the petitioner has "fairly presented" the claim in each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 27 (2004); *see also* § 2254(b)(1). Petitioner has not done that here because the PCR appeal is

pending. Because of that, it "plainly appears" that Petitioner is not entitled to the relief he seeks in this petition. Rule 4, Rules Governing § 2254 Cases. The Court has carefully considered Petitioner's objection, which does not alter this analysis. *See, e.g.*, *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (noting that state prisoners must complete "one complete round of the State's established appellate review process"). Petitioner may re-file a § 2254 petition upon exhausting his state court remedies (and, as the Magistrate Judge notes, being mindful of the statute of limitations applicable to the action under § 2244(d)).

### IV.  Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R as the order of the Court. Petitioner's petition is **dismissed without prejudice** and without requiring Respondent to file a return.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel

Richard Mark Gergel
United States District Judge

June 1, 2021
Charleston, South Carolina

-3-